IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MT. MCKINLEY INSURANCE COMPANY
and EVEREST REINSURANCE COMPANY,

        Plaintiffs,                                06cv1085

v.                                     **ELECTRONICALLY FILED**

PITTSBURGH CORNING CORPORATION, ET AL.,

        Defendants.

In re: PITTSBURGH CORNING CORPORATION
Bankruptcy Case No. 00-22876-JFK
Adversary Proceeding No. 00-2201

## MEMORANDUM OPINION

**October 3, 2006**

      Mt. McKinley Insurance Company and Everest Insurance Company seek leave to appeal an interlocutory order of the United States Bankruptcy Court for the Western District of Pennsylvania entered on July 21, 2006, denying their Motion for Limited Modification of the Stay of the Adversary Proceeding that was entered on April 18, 2001.[1] Shortly after Pittsburgh Corning Corporation filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on April 16, 2000, PPG Industries, Inc. filed an adversary complaint against it and several of its insurers, including Mt. McKinley and Everest's predecessor in interest, seeking insurance coverage for asbestos related claims against PPG arising from its use of a Pittsburgh Corning product, Unibestos, and the Bankruptcy Court immediately stayed that proceeding.

---

[1] The Bankruptcy Court did grant the motion to lift the stay for the narrow purpose of permitting discovery of the identity of certain elderly and infirm employees of PPG and Pittsburgh Corning.

Movants assert in their Motion for Limited Modification of the Stay filed in Bankruptcy Court and in their Motion for Leave to Appeal that the Stay should be lifted for the limited purpose of allowing discovery as to widespread medical fraud that has been found in nationwide asbestos litigation,[2] which might prove relevant to individual personal injury claims asserted against the debtor. Movants assert that discovery of information from law firms, doctors and screening companies implicated in the widespread fraud investigations by state and federal authorities is urgently needed, and that the "best and likely only opportunity to obtain this discovery is now . . . ." Motion for Leave to Appeal, at 5. Respondents PPG and Pittsburgh Corning oppose the interlocutory appeal and lifting of the stay because there is no urgency and because such discovery would impose enormous costs, wasting valuable resources.

In deciding whether to grant interlocutory appeal from a bankruptcy court order pursuant to 28 U.S.C. § 158(a)(3), a district court should apply the same standard utilized by the courts of appeal in deciding whether to hear interlocutory appeals from orders of a district court. See *In re Sandenhill, Inc.*, 304 B.R. 692, 693-94 (E.D.Pa. 2004); *In re Neshaminy Office Bldg. Associates*, 81 B.R. 301 (E.D.Pa. 1987). 28 U.S.C. § 1292(b) defines the scope of appellate jurisdiction over interlocutory appeals from the district courts, and district courts apply those same standards to appeals from interlocutory orders of the bankruptcy courts.

The fundamental policy expressed by section 1292(b) is that appellate review should be postponed until after the entry of final judgment, and only exceptional circumstances justify the hearing of an appeal before a final judgment is rendered. *In re Neshaminy Office Bldg. Associates*, 81 B.R. 302-03, citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

---

[2] See *In re Silica prods. Liab. Litig.*, 398 F.Supp. 2d 563 (S.D. Tex. 2005).

2

Accordingly, interlocutory appeals are allowed only when three requirements are satisfied: (1) a controlling question of law is involved; (2) the question is one where there is substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation. *In re Neshaminy Office Bldg. Associates*, 81 B.R. 302-03; *In re Sandenhill, Inc.*, 304 B.R. 694.

There is a controlling question of law involved in this interlocutory appeal, namely, whether the Bankruptcy Court abused its discretion in refusing to lift the stay to allow limited discovery, but the Court finds neither substantial ground for difference of opinion nor that an immediate appeal would materially advance the ultimate termination of the litigation.

Movants claim they will be irreparably harmed if the stay is not lifted, but do not specify how they will lose the opportunity to conduct this discovery at some later date or otherwise be prejudiced. The Bankruptcy Court heard argument on their motion and considered this potential prejudice to movants, but reasonably concluded that the discovery request was premature prior to its confirmation or rejection of the final plan for reorganization, which would, if confirmed, result in appointment of Trustees to manage the Adversary Proceeding. (The Bankruptcy Court heard argument on the second amended plan of reorganization in March and July, 2006.) Moreover, as the Bankruptcy Court observed, PPG and Pittsburgh Corning retain their files containing any responsive documents, which will not, therefore, be lost to future discovery. Finally, the Bankruptcy Court indicated that if and when this became an issue, it would not permit payment of any claims supported by medical documentation from any of the doctors involved in the fraudulent scheme.

3

The Bankruptcy Court did not abuse its discretion in refusing to lift the stay, there is not substantial ground for difference of opinion, and resolution of the matter now would not materially advance the ultimate termination of the litigation. Accordingly, the motion for leave to appeal will be denied by separate Order of Court.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   the Honorable Judith K. Fitzgerald
      All counsel of record listed on ECF registry