# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:<br>PITTSBURGH CORNING CORPORATION | : | Bankruptcy No. 00-22876-TPA |
| | : | |
| Debtor. | : | Chapter 11 |
| | : | |
| PPG INDUSTRIES, INC. | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding No. 00-2201-TPA |
| | : | |
| v. | : | Doc. No. |
| | : | |
| ARGONAUT INSURANCE COMPANY, et al. | : | Related to Docket Nos. 384, 410 |
| Defendants. | : | |

**BRIEF IN SUPPORT OF RESPONSE OF PPG INDUSTRIES, INC.
TO CERTAIN INSURERS' MOTION TO DISMISS
AMENDED COMPLAINT PURSUANT TO BANKRUPTCY RULE 7012(b)(1)
AND F.R.C.P. 12(b)(1)**

PPG Industries, Inc. ("PPG") respectfully submits this Brief in Support of its Response (Doc. No. 410) ("Response") to the Motion to Dismiss Amended Complaint (Doc. No. 384) ("Motion to Dismiss") filed by the "Certain Insurers" identified therein ("Certain Insurers"). For the reasons set forth below and in the Response, PPG agrees that the Court lacks subject-matter jurisdiction over the Amended Complaint and the Adversary Proceeding, and, therefore, respectfully submits that the Adversary Proceeding should be dismissed for lack of subject-matter jurisdiction. PPG does not, however, agree with the request of Certain Insurers that the dismissal be "with prejudice." To the contrary, any dismissal for lack of subject-matter jurisdiction must be without prejudice.

**Introduction and Background**

Pittsburgh Corning Corporation ("PCC") filed its petition in April 2000. When this Adversary Proceeding was initiated in May 2000 with the filing of the initial Complaint (Doc. No. 1), PPG and the Debtor had competing claims to "Insurance Policies" (defined in the initial Complaint), issued by the insurer Defendants named in that complaint (including the Certain Insurers), arising from PPG's and PCC's respective alleged liabilities for exposures to asbestos and asbestos-containing products. PPG filed this Adversary Proceeding.

The Adversary Proceeding remained stayed (with the exception of the filing of certain responsive pleadings) for over sixteen years while PPG, PCC, representatives of asbestos claimants, and many of the Insurer Defendants ("PPG Participating Insurers") negotiated, drafted, and implemented a settlement providing billions of dollars for the Pittsburgh Corning Asbestos Personal Injury Settlement Trust ("Trust"). That settlement resolved PPG's and PCC's competing claims to insurance coverage for asbestos liabilities.[1]

More specifically, on June 9, 2016, PPG satisfied its funding obligation to the Trust by contributing over $1,000,000,000 in cash and stock to the Trust, while the PPG Participating Insurers provided an additional more than $1,000,000,000 in cash to the Trust (with further

---

[1] After having objected to PCC's reorganization plan, Certain Insurers eventually withdrew their objections. PPG does not agree with Certain Insurers' contention on page 5 of their Brief in Support of Motion (Doc. No. 385) that "[t]he most significant objections raised by the Certain Insurers were legitimized by the Court." In any event, it is irrelevant to the Motion to Dismiss whether any of the Certain Insurers' objections to the plan were legitimate.

payments due in the future).  Effective that date, PCC released its claims against the participating and the non-participating insurance policies arising from asbestos claims against it, and PPG granted releases to the PPG Participating Insurers.  Shortly thereafter, PPG dismissed with prejudice its claims in the Adversary Proceeding against PCC and against the PPG Participating Insurers.

What remains at issue are PPG's claims against the non-participating insurers, including the Certain Insurers.  In view of the consummation of the asbestos settlement, those claims now center on PPG's claims against the non-participating insurers for their appropriate share of the contributions made by or on behalf of PPG to the Trust.  Those claims are set forth in PPG's Amended Complaint (Doc. No. 370).

**Discussion**

Certain Insurers have moved to dismiss the Amended Complaint and the Adversary Proceeding for lack of subject-matter jurisdiction.[2]  PPG agrees, for the reasons set forth below, that subject-matter jurisdiction does not exist and, therefore, respectfully submits that this Court should dismiss the Adversary Proceeding without prejudice.

The subject-matter jurisdiction analysis should center on the Amended Complaint, which eliminates the Debtor as a defendant and states a new set of claims based on an entirely new set of facts as compared with those in force more than a decade and a half ago when the Adversary Proceeding was initially filed.  "[W]hen a plaintiff files a complaint in federal court and then

---

[2] The caption of Certain Insurers' Motion to Dismiss refers to dismissal of the "Amended Complaint," but the proposed order attached to that motion refers to dismissal of the "Adversary Proceeding."  PPG agrees that the entire Adversary Proceeding should be dismissed for lack of subject-matter jurisdiction.

voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell International Corp. v. United States*, 549 U.S. 457, 473-74 (2007).[3] *See also Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (cited by *Rockwell* and holding "[b]ecause the plaintiffs' amended complaint in this case neither makes reference to nor adopts any portion of the original complaint, jurisdiction must be judged solely on the allegations of the amended complaint. The plaintiffs therefore may not rest on the invocation of the [other federal statutes] in the original complaint for establishing jurisdiction"), *and Wellness Community - National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (also cited by *Rockwell* and holding that "our jurisdictional inquiry must proceed on the basis of the First Amended Complaint, not the original one. Although amendments that affect the court's subject matter jurisdiction are rare, for obvious reasons, they plainly can occur").

The Third Circuit has relied on *Rockwell* to hold that in considering standing (which is part of a jurisdictional analysis), "[i]t is the … Amended Complaint that is the operative pleading for standing purposes." *Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co.*, 677 F.3d 178, 185 (3d Cir. 2012).[4] Thus, PPG agrees with the Certain Insurers' assertion that the

---

[3] In so ruling, *Rockwell* distinguished the longstanding federal rule that "the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events." *Mollan v. Torrance*, 22 U.S. 537, 539 (1824).

[4] In ruling on subject-matter jurisdiction in the unpublished decision *Semulka v. Moschell*, 401 Fed. App'x. 628, 629 (3d Cir. 2010), the court held "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading" (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). Likewise, in the unpublished decision *Mollett v. Leicht*, 511 Fed. App'x. 172, 174 (3d Cir. 2013), the court relied on *Rockwell* and held that subject-matter jurisdiction was lacking because "Mollett's amended complaint, which superseded the original … was jurisdictionally defective at the moment it was filed …."

"time of filing" rule does not apply to the current Adversary Proceeding, but not for the reasons asserted by the Certain Insurers.[5]

In the present case, therefore, the Court should look to the Amended Complaint to determine whether it has subject-matter jurisdiction. When assessed as of its filing date of July 11, 2016, the Amended Complaint clearly does not satisfy the jurisdictional standards of 28 U.S.C. § 1334. It does not assert a claim arising under title 11, nor does it assert a claim "arising in" a case under title 11. Therefore, the Amended Complaint should be tested against the standard for "related to" jurisdiction, the only possible basis for jurisdiction here.

In this post-confirmation context (such as the Amended Complaint when considered under the *Rockwell* rule), the applicable test is the "close nexus" test of *Resorts International Financing, Inc. v. Price Waterhouse & Co., LLP (In re Resorts International, Inc.)*, 372 F.3d 154, 166-67 (3d Cir. 2004).

PPG agrees that the claims asserted in the Amended Complaint do not meet the "close nexus" test. Those claims do not affect "the interpretation, implementation, consummation, execution, or administration of [the] confirmed plan or [any] incorporated litigation trust agreement," *id*. at 168-69, nor do they otherwise have any other "close nexus to the bankruptcy

---

[5] Certain Insurers rely upon language in the Court's decision *In re Eltech, Inc.*, 313 B.R. 659 (Banrk. W.D. Pa. 2004), and upon the decision *In re Spree.com Corp.*, 295 B.R. 762 (Bankr. E.D. Pa. 2003). See Certain Insurers' Brief in Support of Motion to Dismiss, at 11-12. As later recognized by *ConocoPhillips Co. v. SemGroup, L.P. (In re SemCrude, L.P.)*, 428 B.R. 82, 96-98 (Bankr. D. Del. 2010), however, that language may have been dictum and, more important, is not consistent with subsequent pronouncements by the Supreme Court and Third Circuit. In *Nuveen Municipal Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012), the Third Circuit embraced that portion of *In re SemCrude*, and confirmed that "confirmation of a bankruptcy plan does not divest a district court [or bankruptcy court] of related-to jurisdiction over pre-confirmation claims."

5

plan or proceeding." *Id*. at 166. Plainly and simply, the claims in the Amended Complaint are unrelated to the Debtor or its estate, and have no effect on the implementation of its plan.[6]

Finally, although PPG concurs in the conclusion that the Court lacks subject-matter jurisdiction over the Adversary Proceeding and agrees that the Adversary Proceeding should be dismissed, it does not agree with Certain Insurers that the dismissal should be "with prejudice." See Certain Insurers' Motion to Dismiss at p.7 (last, unnumbered paragraph). To the contrary, dismissal for lack of jurisdiction must be ***without*** prejudice.

"If a court … determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. It has no authority to do so …. If a case, over which the court lacks subject matter jurisdiction, was originally filed in federal court, it must be dismissed …. The disposition of such a case, will, however, be without prejudice." *In re Orthopedic "Bone Screw" Products Liability Litigation*, 132 F.3d 152, 155 (3d Cir. 1997) (citations omitted). *See also, e.g., New Jersey Physicians, Inc. v. President of the United States*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) ("[T]he District Court's dismissal for lack of subject matter jurisdiction was by definition without prejudice.").

Although the proposed order attached to Certain Insurers' Motion to Dismiss does not include the words "with prejudice," the Motion itself does contain those words, and the proposed

---

[6] Certain Insurers also cite and rely on *Smith v. Commercial Banking Corp. (In re Smith)*, 866 F.2d 576 (3d Cir. 1989). In view of the decision in *Nuveen Municipal Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012), it is not clear that *In re Smith* retains viability as applied to confirmed plans. The Court need not even address that question, however, in view of clear authority compelling the conclusion that the analysis should properly focus on the current state of the claims in the Adversary Proceeding, as stated in the Amended Complaint, in accordance with *Rockwell*.

order states that the Motion is "GRANTED." To avoid any confusion on this point, PPG requests that any order dismissing the Adversary Proceeding state that it is entered without prejudice. *Cf. Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 182 (3d Cir. 1999) ("Figueroa argues that a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.' We agree.") (remanding with instructions to amend order to reflect dismissal 'without prejudice').

Therefore, PPG respectfully requests that the Court grant Certain Insurers' Motion to Dismiss to the extent of entering an order dismissing the Adversary Proceeding, without prejudice, for lack of subject-matter jurisdiction.

Dated: August 22, 2016                                    Respectfully submitted,


                                              */s/ David F. McGonigle*
David F. McGonigle
PA ID #61824
Michael S. Nelson
PA ID #78846
David M. Aceto
PA ID # 44718
Mary L. Thibadeau
PA ID # 306452

K&L GATES LLP
K&L GATES CENTER
210 Sixth Avenue
Pittsburgh, PA  15222
Telephone: (412) 355-6500
Fax: (412) 355-6501
david.mcgonigle@klgates.com
michael.nelson@klgates.com
david.aceto@klgates.com
mary.thibadeau@klgates.com

Attorneys for PPG Industries, Inc.