FILED
8/25/16 3:15 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

PITTSBURGH CORNING CORPORATION,  :   Case No. 00-22876-TPA
    *Debtor*  :
    :   Chapter 11
PPG INDUSTRIES, INC.,  :
    *Plaintiff*  :   Adv. No. 00-2201
    :
v.  :   Related to Doc. Nos. 379, 384, 390
    :
ARGONAUT INSURANCE  :
COMPANY, *et al.*,  :
    *Defendants*  :

## ORDER

After a long period of near-dormancy, activity in this adversary proceeding recently resumed following the consummation of the Debtor's Plan. The Court scheduled a hearing for June 20, 2016 so that it could hear from the Parties and get a better sense of the status of the case. At that hearing the Court was informed about developments which have occurred since the case was originally filed more than 15 years ago. The Plaintiff suggested that it would be appropriate to file an Amended Complaint to reflect these developments. None of the other Parties opposed that suggestion, and the Court itself thought it a good idea, so an order issued the same date as the hearing included a requirement for the Plaintiff to file an Amended Complaint on or before July 11, 2016 "to more accurately set forth the remaining claims and Defendants in the case." Doc. No. 343 at ¶5.

1

Plaintiff filed its Amended Complaint on July 11th. Doc. No. 370. Notably, although the Debtor had been named as one of the Defendants in the original Complaint, it is no longer a Defendant in the Amended Complaint.

Three motions were filed in response to the Amended Complaint. The Debtor filed a *Motion to Dismiss Adversary Proceeding for Lack of Jurisdiction* ("Debtor Motion") at Doc. No. 379. Defendant Safety National Casualty Corporation filed a *Motion to Dismiss and Compel Arbitration* ("Safety Motion") at Doc. No. 390. A number of other Defendants filed a *Motion of Certain Insurers to Dismiss Amended Complaint Pursuant to Bankruptcy Rule 7012(b)(1) and F.R.C.P. 12(b)(1)* ("Certain Insurers Motion") at Doc. No. 384. (The three motions are collectively referred to herein as "the Dismissal Motions"). Although they differ in emphasis and reasoning, all of the *Dismissal Motions* make the general argument that, in light of the Amended Complaint and the current posture of the main bankruptcy case, this adversary proceeding should now be dismissed for lack of subject matter jurisdiction. The *Safety Motion* includes the additional feature of a request that the Court also issue an order compelling arbitration between it and the Plaintiff based on a provision in the policy.

The Plaintiff has filed responses to all of the *Dismissal Motions* and, in a departure from what might normally be expected in this sort of situation, it agrees with the contention of the Movants that the Court lacks subject matter jurisdiction over this adversary proceeding based on the allegations in the Amended Complaint. The Plaintiff's only objection to the requested relief of a dismissal is that such dismissal be without prejudice so that it would be free to pursue its claims against the Defendants in another forum.

The Court itself has reviewed the jurisdictional issue and is in agreement with the Parties that (a) it can and should consider the allegations in the Amended Complaint in making a determination on the issue of jurisdiction, and (b) based on those allegations it is clear that there is no subject matter jurisdiction. More specifically as to point (b), the Court agrees that there are no causes of action pleaded in the Amended Complaint that arise under or arise in the Bankruptcy Code, and that the post-confirmation "close nexus" test for related-to jurisdiction is not met. The Amended Complaint contains only state law insurance-related causes of action whose outcome can have no conceivable effect on the main bankruptcy case or the implementation of the Plan.[1] The Court also agrees with the Plaintiff that such dismissal should be without prejudice because it is not a determination on the merits of Plaintiff's claims. Because the *Debtor's Motion* was filed first, the dismissal will be accomplished through a grant of that motion, rendering the other two *Dismissal Motions* moot.[2]

AND NOW, this **24th** day of **August, 2016**, it is **ORDERED, ADJUDGED** and **DECREED** that,

---

[1] Because all Parties seem to be in agreement that the case should be dismissed based on lack of subject matter jurisdiction, the Court will not here set forth its legal reasoning in detail. However, in the event an appeal of this order is taken, the Court reserves the right to issue an opinion explaining the basis for its decision.

[2] Even if the *Safety Motion* was not rendered moot, the Court would have denied the request for an order compelling arbitration because the Court does not believe it has the jurisdiction to enter such order and because the Plaintiff has raised significant issues as to whether the arbitration provision in the policy is legally enforceable.

(1)    The *Debtor's Motion* is **GRANTED** in that this adversary proceeding is **DISMISSED** for lack of subject matter jurisdiction, provided, however, that such dismissal is *without prejudice*.

(2)    The *Safety Motion* and the *Certain Insurers Motion* are both **DENIED** as moot.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Case Administrator to serve:
    All counsel of record.